UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

GUSTAVO ARAUJO,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS INC, AND COMENITY CAPITAL BANK,

    Defendants.
_____/

COMPLAINT

DEMAND FOR JURY TRIAL

## COMPLAINT

Plaintiff, Gustavo Araujo ("Plaintiff"), by and through counsel, files this Complaint against Defendant Equifax Information Services LLC, ("Defendant Equifax" or "Equifax"), Defendant Experian Information Solutions Inc. ("Defendant Experian" or "Experian") and Defendant Comenity Capital Bank ("Defendant Comenity" or "Comenity"), pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

### DEMAND FOR JURY TRIAL

3. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

### PARTIES

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

5. Defendant Equifax is a Georgia Limited Liability Company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301. Equifax is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

6. Defendant Experian is an Ohio corporation whose registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. Experian is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

7. Defendant Comenity Capital Bank is a Utah financial institution whose principal place of business is 275 East Cottonwood Parkway, Suite 100, Salt Lake City, Utah 84121.

## GENERAL ALLEGATIONS

8. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."

9. In or around early December 2023, Plaintiff submitted a dispute to Defendant Equifax requesting that Equifax update the Account because it inaccurately reported that the amount past due for the account is $1,914 with a charged off amount of $4,786, when Plaintiff received a letter from Comenity verifying that Plaintiff settled the account for $2,872 and that the account would be reported as "closed settlement, paid in full for less than full balance." See attached as Exhibit "A," Letter Verifying Settlement.

10. In or around December 2023, Defendant Equifax verified the Account as accurate despite receiving evidence from Plaintiff that the account was being inaccurately reported.

11. Plaintiff was denied lines of credit and loans due to the inaccurate and derogatory reporting of the Account by Defendant Equifax and Defendant Experian and furnished by Defendant Comenity.

12. In or around early December 2023, Plaintiff submitted a dispute to Defendant Experian requesting that Experian update the Account because it inaccurately reported that the amount past due for the account is $1,914 with a charged off amount of $4,786, when Plaintiff received a letter from Comenity verifying that Plaintiff settled the account for $2,872 and that the account would be reported as "closed settlement, paid in full for less than full balance." See attached as Exhibit "A," Letter Verifying Settlement.

13. In or around December 2023, Defendant Experian verified the Account as accurate despite receiving evidence from Plaintiff that the account was being inaccurately reported.

14. As of the filing of this complaint, Defendant Equifax and Defendant Experian are still reporting the Account on Plaintiff's credit reports.

## COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Equifax)

15. Plaintiff incorporates by reference paragraphs ¶¶ 1-14 of this Complaint.

16. Defendant Equifax prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the Account with Defendant Equifax and continues to include the same information concerning inaccurate and derogatory reporting of the Account with Defendant Equifax, a consumer reporting agency.

17. In or around early December of 2023, Plaintiff checked his credit report and noticed

that there were inaccurate reports from Defendant Equifax. Therefore, in or around early December of 2023, Plaintiff disputed this inaccurate and derogatory information to Equifax.

18. Defendant Comenity verified the alleged consumer debt in the amount of $1,914 with a charged off amount of $4,786. Despite Equifax having been put on notice of the derogatory and inaccurate reporting, Equifax did not correct the reporting of the Account on Plaintiff's Equifax credit report.

19. As of the filing of this complaint, Defendant Comenity's derogatory and inaccurate information is still listed on Plaintiff's Equifax credit report.

20. Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Equifax regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

21. Equifax is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

22. Despite Defendant Equifax having received Plaintiff's dispute of the Account, Equifax continues to report the Account as in collections for an unpaid balance from Comenity.

23. Continuing to report the status of the Account in this fashion is significant.

24. By continuing to report the status of the Account in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on Plaintiff's creditworthiness by impacting his credit score negatively.

25. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

26. Equifax failed to conduct a reasonable investigation and reinvestigation.

27. Equifax failed to review and consider all relevant information submitted by

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Plaintiff.

28. Equifax failed to conduct an independent investigation and, instead, deferred to Comenity, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's first dispute.

29. Equifax possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Equifax failed to correct the information.

30. Equifax's reporting of inaccurate information about the Account, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

31. Equifax did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Defendant Comenity despite being in possession of evidence that the information was inaccurate.

32. Without any explanation or reason, Equifax continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

33. Plaintiff has suffered damages as a result of the incorrect reporting and Equifax's failure to correct the credit report pertaining to Plaintiff.

34. On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

35. Equifax failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's dispute of the information contained in Plaintiff's Equifax credit report.

36. Equifax's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

37. Equifax has willfully and recklessly failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

38. The conduct, action and inaction of Equifax was willful, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

39. Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

40. The appearance of the Account on Plaintiff's credit report, namely, the Account identified by Plaintiff in Plaintiff's dispute to Equifax, was the direct and proximate result of Equifax's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

41. As a result of the conduct, action, and inaction, of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

42. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Equifax)

43. Plaintiff incorporates by reference paragraphs ¶¶ 1-14 above of this Complaint.

44. On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

45. On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

46. On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

47. Additionally, Equifax negligently failed to report the accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

48. Equifax has negligently failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

49. The conduct, action, and inaction, of Equifax was negligent, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

50. Plaintiff is entitled to recover reasonable costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

51. As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

52. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

53. Plaintiff incorporates by reference paragraphs ¶¶ 1-14 of this Complaint.

54. Defendant Experian prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the Account with Defendant Experian and continues to include the same information concerning inaccurate and derogatory reporting of the Account with Defendant Experian, a consumer reporting agency.

55. In or around December of 2023, Plaintiff checked his credit report and noticed that there were inaccurate reports from Defendant Experian. Therefore, in or around December of 2023, Plaintiff disputed this inaccurate and derogatory information to Experian.

56. Defendant Comenity verified the alleged consumer debt in the amount of $1,914 with a charged off amount of $4,786. Despite Experian having been put on notice of the derogatory and inaccurate reporting, Experian did not correct the reporting of the Account on Plaintiff's Experian credit report.

57. As of the filing of this complaint, Defendant Comenity's derogatory and inaccurate information is still listed on Plaintiff's Experian credit report.

58. Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Experian regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

59. Experian is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

60. Despite Defendant Experian having received Plaintiff's dispute of the Account, Experian continues to report the Account as in collections for an unpaid balance from Comenity.

61. Continuing to report the status of the Account in this fashion is significant.

62. By continuing to report the status of the Account in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on Plaintiff's creditworthiness by impacting his credit score negatively.

63. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

64. Experian failed to conduct a reasonable investigation and reinvestigation.

65. Experian failed to review and consider all relevant information submitted by Plaintiff.

66. Experian failed to conduct an independent investigation and, instead, deferred to Comenity, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's first dispute.

67. Experian possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Experian failed to correct the information.

68. Experian's reporting of inaccurate information about the Account, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

69. Experian did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Defendant Comenity despite being in possession of evidence that the information was inaccurate.

70. Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

71. Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

72. On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

73. Experian failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's dispute of the information contained in Plaintiff's Experian credit report.

74. Experian's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

75. Experian has willfully and recklessly failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

76. The conduct, action and inaction of Experian was willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

77. Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

78. The appearance of the Account on Plaintiff's credit report, namely, the Account identified by Plaintiff in Plaintiff's dispute to Experian, was the direct and proximate result of Experian's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

79. As a result of the conduct, action, and inaction, of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

80. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

### COUNT 4
### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

81. Plaintiff incorporates by reference paragraphs ¶¶ 1-14 above of this Complaint.

82. On at least one occasion within the past year, by example only and without

limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

83. On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

84. On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

85. Additionally, Experian negligently failed to report the accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

86. Experian has negligently failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

87. The conduct, action, and inaction, of Experian was negligent, thereby rendering

Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

88. Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

89. As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

90. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 5
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Comenity)

91. Plaintiff incorporates the allegations regarding the Account and Defendant Comenity in paragraphs ¶¶ 1-14 and by reference of this Complaint.

92. Defendant Comenity is a financial institution that provides lines of credit and loans to consumers.

93. In or about December of 2023, Plaintiff checked his credit report and noticed that there was an inaccurate and derogatory reporting from Defendant Comenity.

94. In or about December of 2023, Plaintiff submitted a dispute of the erroneous and derogatory information reported to Defendants Equifax and Experian by Defendant Comenity.

95. In response to the Dispute, Defendants Equifax and Experian promptly and properly gave notice to Defendant Comenity of the Dispute in accordance with the FCRA.

PAGE | **14** of **18**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

96. As of the filing of this complaint, the debt has continued to be verified by Defendant Comenity.

97. Defendant Comenity is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

98. On a date better known by Defendant Comenity, Defendants Equifax and Experian promptly and properly gave notice to Defendant Comenity of Plaintiff's Disputes in accordance with the FCRA.

99. In response to the notice received from Defendants Equifax and Experian regarding Plaintiff's Dispute, Defendant Comenity did not and otherwise failed to conduct a reasonable investigation into the Comenity Account which is the subject of the Dispute.

100. In response to receiving notice from Defendants Equifax and Experian regarding Plaintiff's Dispute, Defendant Comenity failed to correct and/or delete information it knew to be inaccurate and derogatory and/or which Defendants Equifax and Experian could not otherwise verify.

101. Instead of conducting a reasonable investigation, Defendant Comenity erroneously validated the Account and continued to report inaccurate and derogatory information to Defendants Equifax and Experian.

102. On at least one occasion within the past year, by example only and without limitation, Defendant Comenity violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

103. On at least one occasion within the past year, by example only and without limitation, Defendant Comenity violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all

relevant information provided by the consumer reporting agency, Equifax and Experian.

104. On at least one occasion within the past year, by example only and without limitation, Defendant Comenity violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Defendants Equifax and Experian about the inaccurate information.

105. Upon information and belief, Defendant Comenity was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Dispute.

106. Defendant Comenity's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Dispute.

107. As a direct and proximate result of Defendant Comenity's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

108. Defendant Comenity's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

109. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Comenity, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 6
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Comenity)

110. Plaintiff incorporates the allegations regarding the Account and Defendant Comenity in paragraphs ¶¶ 1-14 by reference of this Complaint.

111. On at least one occasion within the past year, by example only and without limitation, Defendant Comenity violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

112. On one or more occasions within the past year, by example only and without limitation, Defendant Comenity violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

113. On one or more occasions within the past year, by example only and without limitation, Defendant Comenity violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

114. When Defendant Comenity received notice of Plaintiff's dispute from Defendants Equifax and Experian, Defendant Comenity could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

115. Defendant Comenity would have discovered that the information it was reporting about Plaintiff was inaccurate and the account was settled and should be reported as indicated in Exhibit "A" if Defendant Comenity had reviewed its own systems and previous communications with the Plaintiff.

116. Defendant Comenity's investigation was per se deficient by reason of these failures in Defendant Comenity's investigation of Plaintiff's Dispute.

117. As a direct and proximate result of Defendant Comenity's violations of § 1681s-

PAGE | **17** of **18**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

118. Defendant Comenity's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

119. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Comenity awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

Dated: January 12, 2024

Respectfully Submitted,

/s/ Jennifer G. Simil
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail:   jen@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax: 855-529-9540
*COUNSEL FOR PLAINTIFF*